UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No: 4:12-cr-0026-TWP-MGN |
| ) | |
| WALBERT KEITH FARMER, ) | |
| ) | |
| Defendant. ) | |

### RECONSIDERATION OF DETENTION ORDER

This matter is before the Court on Defendant Walbert Keith Framer's ("Mr. Farmer") request that the District Court conduct a *de novo* review of the Magistrate Judge's order of pretrial detention, pursuant to 18 U.S.C. § 3145(b). On October 16, 2012, Mr. Farmer filed an Amended Motion for Reconsideration of Pretrial Detention (Dkt. 27). For the reasons stated below the Motion is **DENIED**.

### I. BACKGROUND

Following a hearing on September 28, 2012, Mr. Farmer was ordered detained by the Magistrate Judge pending resolution of this criminal case. The Magistrate Judge found the presumption of detention had not been rebutted and that detention was warranted. And, alternatively and additionally, the Magistrate Judge found there is no condition or combination of conditions that will reasonably assure Mr. Farmer's appearance and the safety of any person and the community. (Dkt. 15 at 6.)

This Court has reviewed a transcript of the proceedings held on September 28, 2012, the exhibits admitted at the hearing, the pretrial services report (PS3), and the recommendation of detention prepared by the United States Probation Office.

Additionally, the Court has reviewed the Order of Detention (Dkt. 15), entered on October 3, 2012, considered Mr. Farmer's Motion for Reconsideration of Detention Order (Dkt. 16), Mr. Farmer's Amended Motion for Reconsideration of Detention Order (Dkt. 27), the Government's Response to the Amended Motion for Reconsideration (Dkt. 30) and Mr. Farmer's Reply thereto (Dkt. 34). It is within the trial court's discretion whether to review a transcript of the proceedings below, grant an oral hearing, and or receive additional evidence. See *United States v Dominguez*, 783 F.2d 702 (7th Cir. 1986). In this matter, the parties have submitted sufficient written argument and additional evidence so that after reviewing the transcript, the Court finds an oral hearing is not needed.

## II.  DISCUSSION

To begin, the Government concedes that as charged, Mr. Farmer does not fall within the purview of "a crime of violence" under 18 U.S.C. § 3142 (f)(1)(A) and therefore, the rebuttable presumption for detention as applied by the Magistrate Judge was inappropriate. Also, the Court will accept Mr. Farmer's contentions that he has an ongoing business in the advertising field, stable housing with his parents in Preston, North Carolina, and he has performed volunteer work in several communities. (Def. Exhibits 1, 2 and 3; Dkt. 34-1.) In determining whether to detain Mr. Farmer, the court must look at factors such as the defendants' character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community, past conduct, criminal history and record concerning appearances at court proceedings. *See* 18 U.S.C. § 3142 (g).

### A.  Risk of Non Appearance

Mr. Farmer is a 47 year old male charged by indictment with traveling in interstate commerce to commit an unlawful activity and transmitting extortionate threats in violation of 18

U.S.C.§ 1952(a)(3) and § 875(d).  Based upon the finding of probable cause, the grand jury indictment, and the affidavits which reference recorded conversations and other corroborative evidence, the Court finds that the weight of the evidence against Mr. Farmer is strong. Additionally, if convicted, Mr. Farmer faces a statutory penalty of five years imprisonment.

Although Mr. Farmer has ties to the community in the State of North Carolina and has lived there with his parents for the past six years, he has no ties to the Southern District of Indiana.  Mr. Farmer has presented evidence that he has never had a bond forfeited for failure to appear in Ashe County, North Carolina; however, Mr. Farmer travels extensively, despite being under court supervision in North Carolina.  And while he may have reappeared in Ashe County when ordered to do so, he currently has pending cases in three states, outstanding arrest warrants in two states, and a history of use of aliases and false social security numbers.  Additionally, following his 2004 conviction for extortion, Mr. Famer was found in violation of supervised release for among other things, traveling outside of the jurisdiction without permission.  And while Mr. Farmer and his sister, Sarah Goodman, report self-employment in the advertising business for the past eight or nine years, the Eastern District of Tennessee indicates that in 2007 and 2008 while on probation, he manufactured fictitious paychecks from a construction company and it was learned that the company with whom he alleged employment had never hired him.

Based upon his history of travel without permission while under court supervision, pending criminal cases in three states, numerous outstanding warrants for his arrests, and inclination for deception, the Court finds the Government has met its burden of proof by a preponderance of evidence and offered sufficient evidence that Mr. Farmer poses a significant flight risk.

**B.     Danger Assessment**

In making a detention determination, the Court is allowed to consider the nature and circumstances of the offense charged. It is significant that Mr. Farmer has a pattern of conduct similar to that charged herein. In 2004 he was convicted of an extortion offense where he threatened to harm the business reputation of the victim unless he was paid $14,800.00. Mr. Farmer was ordered to serve 20 months of imprisonment and one year supervised release; however, upon release from prison Mr. Farmer continued to commit economic harm crimes. His supervised release was revoked after he committed two new offenses while under supervision. He continued to engage in criminal activity and was arrested in 2007 for obtaining property by false pretense and in 2009 for larceny. Both arrests resulted in convictions.

Additionally, Mr. Farmer has performed poorly on prior occasions when supervised by the courts; not only has he violated conditions of supervised release, but he has violated probation conditions. Mr. Farmer's sister asserts that if released, he will return to live with his parent's in North Carolina, and "they will make sure that he stays on track". However, his parents are not in good health and it appears they have no control over their 47 year old adult son. Mr. Farmer travels the country to play in golf tournaments and visit gambling casinos and has recently picked up two new arrests, in addition to the instant offense, despite being on probation. On July 9, 2012, he was charged with the crime of theft out of Johnson County, TN and that case is pending. Finally, he has an arrest warrant pending on a new charge, Obtaining Property by False Pretense, issued in Caldwell County, NC.

Based on the nature and circumstances of this offense and Mr. Farmer's history of committing financial crimes, even while on court ordered supervision, the Court finds the

Government has met its burden and has shown by clear and convincing evidence that Mr. Farmer poses a serious risk of continuing economic danger.

C.      **Noncustodial Conditions**

Having found clear and convincing evidence that Mr. Farmer poses a serious risk of economic harm to others and having found by a preponderance of evidence and that there exists a risk of flight, the court must next determine whether there are conditions, short of detention, which would reasonably assure the defendants reappearance and safety. The Government argues that there have been multiple instances of Mr. Farmer committing economic offenses while on release conditions and an overall poor history of complying with court supervision. Mr. Farmer presents evidence that he was never had a bond forfeited for failure to appear in Ashe County, North Carolina, and requests that the Court place him on electronic monitoring at his parents' home. Having considered the totality of circumstances, the Court is not convinced that if released with conditions, Mr. Farmer would not return to criminal activity. Additionally, home detention in North Carolina would not deter the ability or inclination for Mr. Farmer to continue to commit economic or extortionist crimes. The Court finds there are no conditions or combination of conditions to reasonably assure Mr. Farmer's appearance in court or the safety of others.

### III.  **CONCLUSION**

The Government has met its burden of proof and offered sufficient evidence that Mr. Farmer poses a significant flight risk and a continuing risk of economic harm if released. Release with conditions would likely be futile because of the four open warrants, and home detention would not deter the ability or inclination for Mr. Farmer to continue to commit economic crimes. Therefore, the Court finds that there are no conditions or combination of

5

conditions which would overcome the unacceptably high risk that he would flee or pose a danger to economic safety in the community. Accordingly, the request for release from custody pending trial is **DENIED.**

THEREFORE, Walbert Keith Farmer is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. He shall be afforded a reasonable opportunity for private consultation with defense counsel. Upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver Mr. Farmer to the United States Marshal for the purpose of an appearance in connection with the court proceeding.

SO ORDERED.

Date:  10/29/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Magistrate Judge Michael G. Naville

William Yesowitch
BARBER BANASZYNSKI & HIATT, PSC
yesowitch@bbalaw.com

Sharon M. Jackson
UNITED STATES ATTORNEY'S OFFICE
sharon.jackson@usdoj.gov

United States Marshal Service

United States Probation Office